IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ANTHONY F. MORRIS,

    Plaintiff,

v.

CIVIL ACTION NO.: CV211-161

GLYNN COUNTY DETENTION
CENTER MEDICAL DEPARTMENT
and DR. JEFFREY GUNDERSON,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at the Glynn County Detention Center in Brunswick, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that he has not received proper medical care for his back pain while he has been housed at the Glynn County Detention Center. Plaintiff alleges that he has made numerous requests and filed numerous grievances about his back pain, but he has yet to receive more than the "most basic of medications." (Doc. No. 1, p. 5). Plaintiff asserts that Doctor Gunderson has his records from the neurologist, yet he will not give Plaintiff narcotic medication. According to Plaintiff, the doctor at the Glynn County Detention Center is not qualified to treat his condition.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976),

AO 72A
(Rev. 8/82)

forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). Estelle's subjective standard does not require that the medical care provided to a prisoner be perfect. Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980). Thus, not every claim that a prisoner has not received adequate medical care states a violation of the Eighth Amendment. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). The medical care provided to inmates need not be "perfect, the best obtainable, or even very good." Id. at 1510 (quoting Brown, 481 F. Supp. at 726). A mere difference in medical opinion between medical personnel and the detainee as to the diagnosis or course of treatment is insufficient to support an Eighth Amendment claim. Id. at 1505.

A review of Plaintiff's allegations reveals that he is not satisfied with the level or kind of medical treatment he is receiving at the Glynn County Detention Center. These allegations, however, are insufficient to rise to the level of a constitutional violation.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim pursuant to 42 U.S.C. § 1983.

**SO REPORTED** and **RECOMMENDED**, this 31st day of October, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE